```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA          :

         -V-                      :    07 Cr. 899(VM)

OYEWALE OLANIBI,                  :

         Defendant.               :

----------------------------------X
```

**DEFENDANT'S PRE-HEARING MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO SUPPRESS**

PRELIMINARY STATEMENT

**Oyewale Olanibi** moves for suppression of physical evidence seized in a warrantless, non-consensual search of his closed laptop bag following his arrest which lacked probable cause and as well, for suppression of evidence seized from his computer hard drive and home in the execution of a search warrant which had been procured by exploitation of the illegally seized evidence from his computer bag and all post-arrest statement on the ground that the initial search (bag) was unlawful and the subsequent ones and the statements were all "fruits of the poisonous tree", Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407 (1963).

An alternative basis for suppression of all the above is

1

that, assuming *arguendo*, that there was probable cause to arrest the defendant, the warrantless and nonconsensual post-handcuffing search of his "closed container" computer bag was in violation of his constitutional rights such that, since the subsequent searches had exploited the initial bag search, Wong Sun applies as well as it does based on the lack of probable cause to arrest analysis.

## STATEMENT OF FACTS

In the interest of brevity and economy, we incorporate herein by reference factual recital set forth in counsel's and Mr. Olanibi's affirmations in support of this motion, adding here and there as needed some other facts and evidence expected to be elicited at an evidentiary hearing on the motion.

In short, the Postal Inspection Service had learned that a certain mailbox #403 located in a laundromat which also rented out numerous mailboxes had been the recipient of criminally obtained materials and information and that those had served to divert and steal funds on deposit with a bank.

Mr. Olanibi was not the owner or tenant of mailbox 403, had no key to it and had no relationship with it. He rented mailbox 402. A person working at the laundromat informed the authorities that "one of the four males who collected mail for Box Nos. 403, 402, 306, and 103, had called and visited the Laundromat . . . . asking for a package for Box No. 402.".

Mr. Olanibi was arrested following his visit to the laundromat and his retrieval of a package which had been addressed to his own box 402. No complaints had been lodged against box 402. The complaint and discovery in this case suggests that the only possible basis for the defendant's arrest was that he was or may have been one of four men who had previously had some contact with the boxes which were not his. It is not even clear, from the language of the complaint and the affidavit in support of a search warrant that the laundromat employee ever told the authorities that the box 402 owner had ever had any contact with box 403, the only box involved in the criminal scheme.

Mr. Olanibi was arrested and handcuffed moments after he retrieved his package, his closed computer bag was seized and searched without his consent or a search warrant.

The affidavit in support of the search warrant application for Mr. Olanibi's computer hard drive and his home simply relied on the documentary contents of his computer bag but did not disclose to the court that Mr. Olanibi was not the renter of box 403, nor that he had not consented to the search of that bag.

We rely on our affirmations for whatever additional facts may be relevant for present purposes.

ARGUMENT

**POINT I**

**THE POSTAL INSPECTORS LACKED PROBABLE CAUSE TO ARREST**

Probable cause to obtain an arrest warrant or to conduct a warrantless arrest exists when the police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information and sufficient in themselves to warrant a belief by a prudent person that an offense has been or is being committed by the person to be arrested. Beck v. Ohio, 379 U.S. 89, 91 (1964); Wong Sun v. United States, 371 U.S. 471, 479 (1963)("It is basic that an arrest . . . must stand upon firmer ground than mere suspicion."; Brinegar v. United States, 338 U.S. 160, 175-6 (1949).

Here, the only link between Mr. Olanibi and box number 403 was a statement from a laundromat's person that the man inquiring about box number 402 had been one of four men who had had previous contacts with three other boxes, including box number 403, the "criminal box". Even that report, as quoted in the complaint and the search warrant affidavit is ambiguous because it doesn't even assert categorically that the box 402 renter had had previous contact with box number 403.

Even were it so that there had been such a categorical representation, the most that one could conclude about Mr.

Olanibi was that he was one of several persons who had a connection with box number 403, not that he had been instrumental in causing stolen materials to be mailed there. <u>Ybarra v. United States</u>, 444 U.S. 85(1979) teaches that mere proximity to others who may have committed crimes or presence in locations where crimes were committed does not itself, with nothing more, confer probable cause to arrest such a person. "A person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person.", citing <u>Sibron v. New York</u>, 392 U.S. 40, 62-63.

Probable cause to arrest is no different than probable cause to indict. Surely, it cannot be argued that the skimpy information possessed by the police before they arrested Mr. Olanibi was sufficient to support his indictment.

At most, the police had a mere suspicion that Mr. Olanibi had some connection with mailbox number 403. That information was ambiguous to start with and certainly did not rise to the level of probable cause to arrest or indict him.

Accordingly, the police lacked probable cause to arrest Mr. Olanibi.

**Point II**

**A WARRANTLESS AND NONCONSENSUAL SEIZURE INCIDENTAL TO AN ARREST LACKING PROBABLE CAUSE IS UNREASONABLE AND MUST BE SUPPRESSED**

This proposition is so axiomatic a cornerstone of our jurisprudence that we do not here cite any authority for it but will, if requested to do so by the Court either before the requested evidentiary hearing or in a post-hearing memorandum of law.

**Point III**

**THE POLICE CONDUCTED AN IMPERMISSIBLE WARRANTLES AND NONCONSENSUAL SEARCH OF THE DEFENDANT'S CLOSED BAG - ITS CONTENTS MUST BE SUPPRESSED AND SO SHOULD THE FRUITS OF A SEARCH WARRANT OBTAINED BY THE EXPLOITATION OF THE BAG'S UNLAWFUL SEARCH**

Assuming, *arguendo*, that Mr. Olanibi's arrest was based on probable cause, suppression should nevertheless be granted because the warrantless and nonconsensual search of his closed computer bag was impermissible.

The police must generally obtained a warrant or a person's consent to search a closed container if that container is not within the prisoner's reach.  If it is within his reach, police may open the container for their own protection, lest it contain a weapon or evidence within it which risks being destroyed. There are a few exceptions to this proposition (car searches) not

applicable here.  United States v. Perea, 986 F.2d 633, 643 (2d Cir. 1993)( warrantless search of arrestee's bag not justified as a search incident to arrest when bag was not within arrestee's reasonable reach);  United States v. Basinski, 226 F.3d 829, 838 (7th Cir. 2000) (warrantless search of locked briefcase not justified); United States v. Nicholson, 144 F.3d 632, 638-41 (10th Cir. 1998)( warrantless search of luggage not justified because initial handling of luggage was unlawful.

    Here, the police arrested, handcuffed Mr. Olanibi and searched his computer bag which at that time was not within his reach or power to control.  This warrantless and nonconsensual search  was therefore impermissible and its fruits must be suppressed.  Since search of the bag formed the basis for the computer hard drives and apartment search warrant application, the evidence seized in the execution of the search warrant should also be suppressed as "fruits of the poisonous tree" under the legendary Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407 (1963) doctrine.

    For obvious reasons, Mr. Olanibi's post-arrest statements must also be suppressed as "fruits".

    The defendant respectfully requests an opportunity to file a post-evidentiary-hearing memorandum of law.

New York, NY,
January 28, 2008

Respectfully submitted,

_/S/_____
Roland Thau,
Federal Defender of New York, Inc
Attorney for Defendant
    **Oyewale Olanibi**
52 Duane Street, 10th Floor
New York, New York 10007
tel.: (212) 417-8733