UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA            :

       v.                           :    **COUNSEL'S AFFIRMATION**

**OYEWALE OLANIBI ,**                   :    07 Cr. 899 (VM)

                                                       :

              Defendant.         :
------------------------------------x

    **ROLAND THAU**, hereby affirms under penalties of perjury pursuant to 28 U.S.C. §1746:

    1.  I am a staff attorney with the Federal Defender of New York, Inc., and trial counsel to the defendant.  I make this affirmation in support of my client's motion pursuant to Federal Rules of Criminal Procedure 12 and 41 to suppress certain physical evidence seized from him, his computer bag, his computer and his home, as well as all post-arrest statements attributed to him.  The legal bases for this motion are set forth in our notice of motion and will be developed in our accompanying memorandum of law.

    All statements made herein are based on information and belief, unless otherwise indicated.  The sources for my information and belief are the pleadings and discovery in this case and information obtained from Mr. Olanibi himself.

    2.  Olanibi is charged in a three count indictment with use of a credit card issued to another person without that person's

authorization to obtain cash from automatic teller machines in violation of 18 United States Code 1029(a)(5) and 2 and with related charges in violation of 18 United States Code 1028(a)(1) and (a)(7).

3. Before the defendant's arrest, the authorities had learned that a number of telephone calls had been made to the GE Money Bank instructing that depositors' addresses be changed to 439 W. 50th St, New York, NY, box **403** following which electronic transfers were made from depositor's accounts to another bank and that the funds so transferred were withdrawn and not recovered by GE Money Bank.

. 49 W. 50th St. is a laundromat which also rents out mailboxes. A person there informed the authorities that "one of the four males who collected mail for Box Nos. 403, 402, 306 and 103, had called and visited the Laundromat . . . . asking about the package for Box No. 402." (Emphasis added), Complaint §4 e.

4. On the day of his arrest, Mr. Olanibi who had previously rented mailbox No. 402 and not any of the other mailboxes whose numbers are set forth above, went to the Laundromat, carrying a lap top computer bag and retrieved a package addressed to Box No. 402 from an employee there. Box 402 had never been a subject of a complaint in connection with the charged scheme.

5. Mr. Olanibi was arrested and handcuffed and his laptop bag was taken from him by the arresting postal inspectors and searched after Mr. Olanibi had been handcuffed. He did not consent to a search of that bag nor did the inspectors have a search warrant for it or its contents.

6. The search yielded a significant number of documents and papers which furnished the evidentiary basis for a search warrant application for the contents of the computer hard drive which had been in the bag and for Mr. Olanibi's apartment.

The search warrant was granted by the court, executed by the authorities and additional information was obtained from the computer's hard drive and physical items were seized from the defendant's apartment.

Mr. Olanibi did not consent to a search of his computer nor to a search of his apartment.

**WHEREFORE,** Mr. Olanibi urges suppression of all the physical evidence seized and of any postarrest statements made, <u>first</u> on the ground that the authorities lacked probable cause to arrest him, such that the seizures and the statements are all "fruits of the poisonous tree" <u>and second and independently</u> on the ground that even if there was probable cause to arrest him or reasonable suspicion justifying an investigatory "<u>Terry</u>" stop, the

warrantless and non-consensual search of his closed laptop bag was violative of his constitutional rights so that the contents of that bag were seized illegally and those contents furnished the evidentiary basis for the search warrant and were the "poisonous" basis for the search warrant and the searches and seizures which were direct results.

Dated:   New York, New York
         January 28, 2008

_____
**ROLAND THAU,**
Counsel to **Oyawale Olanibi**