```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
```

**UNITED STATES OF AMERICA**              :

       - v -                              :       **NOTICE OF MOTION**
                                                   <u>**TO SUPPRESS EVIDENCE**</u>
**OYEWALE OLANIBI,**                      :       07 Cr. 899(VM)

                                            :

               Defendant.            :

```
------------------------------------X
```

     **PLEASE TAKE NOTICE** that upon the annexed affirmation of Roland Thau, his counsel, his own affirmation, and memorandum of law, the defendant **OYEWALE OLANIBI** will move for an Order pursuant to Rules 12 and 41, Fed.R.Crim.P., suppressing all the physical evidence seized from him, his property and his home and suppressing all post-arrest statements made by and attributed to him, all on the ground that his arrest lacked probable cause, such that all seizures and post-arrest statements were "fruit of the poisonous tree" and on the alternative ground that even *arguendo* if his arrest had been based on probable cause, the non-consensual and warrantless search of his computer bag following his arrest was in violation of his constitutional rights and, for that reason as well, furnished the "poisonous basis" for the search warrant which authorized that his computer's contents and his home be searched.

Dated: New York, New York
       January 28, 2008

                        Yours, etc.

                        LEONARD F. JOY, ESQ.
                        Federal Defender of New York

                By: _____
                        ROLAND THAU, ESQ.
                        Staff Attorney
                        Attorney for Defendant
                        **Oyawale Olanibi**
                        52 Duane Street - 10th Floor
                        New York, New York  10007
                        Tel.: (212) 417-8733

TO: Michael Garcia, ESQ.
    United States Attorney
    Southern District of New York
    One St. Andrew's Plaza
    New York, New York  10007
    Attn: **ANTONIA M. APPS, Esq.**,
        Assistant United States Attorney

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA              :

        v.                            :    COUNSEL'S AFFIRMATION

OYEWALE OLANIBI ,                     :    07 Cr. 899 (VM)

                                      :

                Defendant.            :
------------------------------------x
```

**ROLAND THAU**, hereby affirms under penalties of perjury pursuant to 28 U.S.C. §1746:

1.  I am a staff attorney with the Federal Defender of New York, Inc., and trial counsel to the defendant. I make this affirmation in support of my client's motion pursuant to Federal Rules of Criminal Procedure 12 and 41 to suppress certain physical evidence seized from him, his computer bag, his computer and his home, as well as all post-arrest statements attributed to him. The legal bases for this motion are set forth in our notice of motion and will be developed in our accompanying memorandum of law.

All statements made herein are based on information and belief, unless otherwise indicated. The sources for my information and belief are the pleadings and discovery in this case and information obtained from Mr. Olanibi himself.

2.  Olanibi is charged in a three count indictment with use of a credit card issued to another person without that person's

authorization to obtain cash from automatic teller machines in violation of 18 United States Code 1029(a)(5)and 2 and with related charges in violation of 18 United States Code 1028(a)(1) and (a)(7).

3. Before the defendant's arrest, the authorities had learned that a number of telephone calls had been made to the GE Money Bank instructing that depositors' addresses be changed to 439 W. 50th St, New York, NY, box **403** following which electronic transfers were made from depositor's accounts to another bank and that the funds so transferred were withdrawn and not recovered by GE Money Bank.

. 49 W. 50th St. is a laundromat which also rents out mailboxes. A person there informed the authorities that "one of the four males who collected mail for Box Nos. 403, 402, 306 and 103, had called and visited the Laundromat . . . . asking about the package for Box No. 402." (Emphasis added), Complaint §4 e.

4. On the day of his arrest, Mr. Olanibi who had previously rented mailbox No. 402 and not any of the other mailboxes whose numbers are set forth above, went to the Laundromat, carrying a lap top computer bag and retrieved a package addressed to Box No. 402 from an employee there. Box 402 had never been a subject of a complaint in connection with the charged scheme.

5. Mr. Olanibi was arrested and handcuffed and his laptop bag was taken from him by the arresting postal inspectors and searched after Mr. Olanibi had been handcuffed. He did not consent to a search of that bag nor did the inspectors have a search warrant for it or its contents.

6. The search yielded a significant number of documents and papers which furnished the evidentiary basis for a search warrant application for the contents of the computer hard drive which had been in the bag and for Mr. Olanibi's apartment.

The search warrant was granted by the court, executed by the authorities and additional information was obtained from the computer's hard drive and physical items were seized from the defendant's apartment.

Mr. Olanibi did not consent to a search of his computer nor to a search of his apartment.

**WHEREFORE,** Mr. Olanibi urges suppression of all the physical evidence seized and of any postarrest statements made, <u>first</u> on the ground that the authorities lacked probable cause to arrest him, such that the seizures and the statements are all "fruits of the poisonous tree" <u>and second and independently</u> on the ground that even if there was probable cause to arrest him or reasonable suspicion justifying an investigatory "<u>Terry</u>" stop, the

warrantless and non-consensual search of his closed laptop bag was violative of his constitutional rights so that the contents of that bag were seized illegally and those contents furnished the evidentiary basis for the search warrant and were the "poisonous" basis for the search warrant and the searches and seizures which were direct results.

Dated:  New York, New York
        January 28, 2008

_____
**ROLAND THAU,**
Counsel to **Oyawale Olanibi**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA              :

      v.                              :    **<u>DEFENDANT'S AFFIRMATION</u>**

**OYEWALE OLANIBI ,**                 :    07 Cr. 899 (VM)

                                             :

              Defendant.            :
------------------------------------X

    **OYEWALE OLANIBI**, hereby affirms under penalties of perjury pursuant to 28 U.S.C. §1746:

    1.  I am the defendant in this case. I have read all the discovery furnished by the government in this case and discussed the case with my attorney, Roland Thau whose affirmation in support of my motion to suppress evidence dated January 28 2008 I have read and discussed with him.

    2.  I adopt the factual recital contained in Mr. Thau's affirmation and incorporate it herein by reference for the sake of brevity and economy. This recital does not include all matters relevant to my motion to suppress evidence but only as much as my attorney advises is necessary to bring this motion.

    3.  Upon my arrest in the laundromat mentioned in my lawyer's affirmation, the arresting postal inspectors took my closed laptop bag from me and searched it without a search warrant or my consent.

    4.  I have learned that the authorities applied to the court

for a search warrant to search the disk drive of my computer and also to search my home. I did not authorize or give my consent to the authorities to conduct either one of these two searches.

Accordingly, my attorney has informed me that on the facts set forth in his affirmation and which I hereby adopt, my constitutional rights protecting me from unreasonable searches and seizures were violated so that, if this Court agrees with this proposition, all the physical evidence seized from me and my property should be suppressed as well as any postarrest statements attributed to me.

Dated:   New York, New York
         January 28, 2008

_____
**OYEWALE OLANIBI**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :

        -v-                         :    07 Cr. 899(VM)

OYEWALE OLANIBI,                    :

        Defendant.                  :
------------------------------------X
```

## DEFENDANT'S PRE-HEARING MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPPRESS

PRELIMINARY STATEMENT

**Oyewale Olanibi** moves for suppression of physical evidence seized in a warrantless, non-consensual search of his closed laptop bag following his arrest which lacked probable cause and as well, for suppression of evidence seized from his computer hard drive and home in the execution of a search warrant which had been procured by exploitation of the illegally seized evidence from his computer bag and all post-arrest statement on the ground that the initial search (bag) was unlawful and the subsequent ones and the statements were all "fruits of the poisonous tree", Wong Sun v. United States, 371 U.S. 471, 83 S. Ct. 407 (1963).

An alternative basis for suppression of all the above is

1

that, assuming *arguendo*, that there was probable cause to arrest the defendant, the warrantless and nonconsensual post-handcuffing search of his "closed container" computer bag was in violation of his constitutional rights such that, since the subsequent searches had exploited the initial bag search, Wong Sun applies as well as it does based on the lack of probable cause to arrest analysis.

## STATEMENT OF FACTS

In the interest of brevity and economy, we incorporate herein by reference factual recital set forth in counsel's and Mr. Olanibi's affirmations in support of this motion, adding here and there as needed some other facts and evidence expected to be elicited at an evidentiary hearing on the motion.

In short, the Postal Inspection Service had learned that a certain mailbox #403 located in a laundromat which also rented out numerous mailboxes had been the recipient of criminally obtained materials and information and that those had served to divert and steal funds on deposit with a bank.

Mr. Olanibi was not the owner or tenant of mailbox 403, had no key to it and had no relationship with it. He rented mailbox 402. A person working at the laundromat informed the authorities that "one of the four males who collected mail for Box Nos. 403, 402, 306, and 103, had called and visited the Laundromat . . . . asking for a package for Box No. 402.".

2

Mr. Olanibi was arrested following his visit to the laundromat and his retrieval of a package which had been addressed to his own box 402. No complaints had been lodged against box 402. The complaint and discovery in this case suggests that the only possible basis for the defendant's arrest was that he was or may have been one of four men who had previously had some contact with the boxes which were not his. It is not even clear, from the language of the complaint and the affidavit in support of a search warrant that the laundromat employee ever told the authorities that the box 402 owner had ever had any contact with box 403, the only box involved in the criminal scheme.

Mr. Olanibi was arrested and handcuffed moments after he retrieved his package, his closed computer bag was seized and searched without his consent or a search warrant.

The affidavit in support of the search warrant application for Mr. Olanibi's computer hard drive and his home simply relied on the documentary contents of his computer bag but did not disclose to the court that Mr. Olanibi was not the renter of box 403, nor that he had not consented to the search of that bag.

We rely on our affirmations for whatever additional facts may be relevant for present purposes.

ARGUMENT

POINT I

**THE POSTAL INSPECTORS LACKED PROBABLE CAUSE TO ARREST**

Probable cause to obtain an arrest warrant or to conduct a warrantless arrest exists when the police have, at the moment of arrest, knowledge of facts and circumstances grounded in reasonably trustworthy information and sufficient in themselves to warrant a belief by a prudent person that an offense has been or is being committed by the person to be arrested. Beck v. Ohio, 379 U.S. 89, 91 (1964); Wong Sun v. United States, 371 U.S. 471, 479 (1963)("It is basic that an arrest . . . must stand upon firmer ground than mere suspicion."; Brinegar v. United States, 338 U.S. 160, 175-6 (1949).

Here, the only link between Mr. Olanibi and box number 403 was a statement from a laundromat's person that the man inquiring about box number 402 had been one of four men who had had previous contacts with three other boxes, including box number 403, the "criminal box". Even that report, as quoted in the complaint and the search warrant affidavit is ambiguous because it doesn't even assert categorically that the box 402 renter had had previous contact with box number 403.

Even were it so that there had been such a categorical representation, the most that one could conclude about Mr.

4

Olanibi was that he was one of several persons who had a connection with box number 403, not that he had been instrumental in causing stolen materials to be mailed there. <u>Ybarra v. United States</u>, 444 U.S. 85(1979) teaches that mere proximity to others who may have committed crimes or presence in locations where crimes were committed does not itself, with nothing more, confer probable cause to arrest such a person. "A person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person.", citing <u>Sibron v. New York</u>, 392 U.S. 40, 62-63.

Probable cause to arrest is no different than probable cause to indict. Surely, it cannot be argued that the skimpy information possessed by the police before they arrested Mr. Olanibi was sufficient to support his indictment.

At most, the police had a mere suspicion that Mr. Olanibi had some connection with mailbox number 403. That information was ambiguous to start with and certainly did not rise to the level of probable cause to arrest or indict him.

Accordingly, the police lacked probable cause to arrest Mr. Olanibi.

Point II

**A WARRANTLESS AND NONCONSENSUAL SEIZURE INCIDENTAL TO AN ARREST LACKING PROBABLE CAUSE IS UNREASONABLE AND MUST BE SUPPRESSED**

This proposition is so axiomatic a cornerstone of our jurisprudence that we do not here cite any authority for it but will, if requested to do so by the Court either before the requested evidentiary hearing or in a post-hearing memorandum of law.

Point III

**THE POLICE CONDUCTED AN IMPERMISSIBLE WARRANTLES AND NONCONSENSUAL SEARCH OF THE DEFENDANT'S CLOSED BAG - ITS CONTENTS MUST BE SUPPRESSED AND SO SHOULD THE FRUITS OF A SEARCH WARRANT OBTAINED BY THE EXPLOITATION OF THE BAG'S UNLAWFUL SEARCH**

Assuming, *arguendo*, that Mr. Olanibi's arrest was based on probable cause, suppression should nevertheless be granted because the warrantless and nonconsensual search of his closed computer bag was impermissible.

The police must generally obtained a warrant or a person's consent to search a closed container if that container is not within the prisoner's reach. If it is within his reach, police may open the container for their own protection, lest it contain a weapon or evidence within it which risks being destroyed. There are a few exceptions to this proposition (car searches) not

applicable here. <u>United States v. Perea</u>, 986 F.2d 633, 643 (2d Cir. 1993)( warrantless search of arrestee's bag not justified as a search incident to arrest when bag was not within arrestee's reasonable reach); <u>United States v. Basinski</u>, 226 F.3d 829, 838 (7th Cir. 2000) (warrantless search of locked briefcase not justified); <u>United States v. Nicholson</u>, 144 F.3d 632, 638-41 (10th Cir. 1998)( warrantless search of luggage not justified because initial handling of luggage was unlawful.

Here, the police arrested, handcuffed Mr. Olanibi and searched his computer bag which at that time was not within his reach or power to control. This warrantless and nonconsensual search was therefore impermissible and its fruits must be suppressed. Since search of the bag formed the basis for the computer hard drives and apartment search warrant application, the evidence seized in the execution of the search warrant should also be suppressed as "fruits of the poisonous tree" under the legendary <u>Wong Sun v. United States</u>, 371 U.S. 471, 83 S. Ct. 407 (1963) doctrine.

For obvious reasons, Mr. Olanibi's post-arrest statements must also be suppressed as "fruits".

The defendant respectfully requests an opportunity to file a post-evidentiary-hearing memorandum of law.

New York, NY,
January 28, 2008

Respectfully submitted,

_____
Roland Thau,
Federal Defender of New York, Inc
Attorney for Defendant
**Oyewale Olanibi**
52 Duane Street, 10th Floor
New York, New York 10007
tel.: (212) 417-8733