Approved: _____  07 MAG    1417
          ANTONIA M. APPS
          Assistant United States Attorney

Before:   THE HONORABLE ~~JAMES C. FRANCIS~~ IV
           United States Magistrate Judge
           Southern District of New York

                                                  THEODORE H. KATZ
                                     UNITED STATES    MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF NEW YORK
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA
                                 :   COMPLAINT
          v.
                                 :   Violations of 18 U.S.C.
OYEWALE OLANIBI,                    §§ 1028A(a)(1), 2, and
  a/k/a "Joseph Abad,"             :   1029(a)(5)

        Defendant.                 :   COUNTY OF OFFENSE:
                                    NEW YORK
- - - - - - - - - - - - - - - - - x

STATE OF NEW YORK                    ): ss.:
SOUTHERN DISTRICT OF NEW YORK      )

      ANDRE ESANNASON, being duly sworn, deposes and says that he is a Postal Inspector with the United States Postal Inspection Service, and charges as follows:

COUNT ONE

      1.   From on or about August 17, 2007, to on or about August 22, 2007, in the Southern District of New York and elsewhere, OYEWALE OLANIBI, a/k/a "Joseph Abad," the defendant, unlawfully, willfully, knowingly, and with intent to defraud, as part of an offense affecting interstate commerce, did effect transactions with one or more access devices issued to another person, to receive payment and other things of value during a one-year period the aggregate value of which is equal to and greater than $1,000, to wit, OLANIBI used a credit card issued to another person, without authorization, to obtain cash from an Automatic Teller Machine, the value of which exceeded $1,000 during a one-year period.

      (Title 18, United States Code, Sections 1029(a)(5) and 2.)

<u>COUNT TWO</u>

2.   From on or about August 17, 2007, to on or about August 22, 2007, in the Southern District of New York and elsewhere, OYEWALE OLANIBI, the defendant, unlawfully, willfully, and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, OLANIBI, during and in relation to access device fraud in violation of Title 18, United States Code, Section 1029(a)(5), did possess and use, without lawful authority, the personal identification number for a credit card issued to another person as charged in Count One of this Complaint.

(Title 18, United States Code, Section 1028A(a)(1).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3.   I am a Postal Inspector with the United States Postal Inspection Service. I have personally investigated the facts and circumstances set forth below. I have examined reports and records, and I have interviewed law enforcement officers and some of the true owners of the compromised credit cards. This affidavit is based upon my personal investigation, and is being submitted for the limited purpose of establishing probable cause. This affidavit does not include all of the facts that I have learned during my investigation. Where the contents of documents and the actions and statements of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.   In the course of conducting this investigation into access device fraud and bank fraud, I obtained and reviewed records of banks and credit card companies, as well as other law enforcement sources. I spoke with bank investigators and other law enforcement officers. I learned the following:

a.   On or about January 3, 2007, an individual called the GE Money Bank to change the address of the bank account of Victim 1, supplying personal identification information, including the name, address, date of birth, and social security number, of Victim 1. The address on the account was changed to 439 West 50th Street, New York, New York, Box No. 403. GE Money Bank spoke with Victim 1, and confirmed that Victim 1 did not authorize this change of address. Following the change of address, an individual called the bank to make an electronic funds transfer of $4,800.00 out of Victim 1's account to another bank account. Victim 1 has told GE Money Bank that

this transfer was unauthorized. The money was subsequently withdrawn from the other bank account before GE Money Bank discovered the fraud and could retrieve the money. Following discovery of the loss, GE Money Bank closed Victim 1's account, and opened a new account for Victim 1.

    b. On January 26, 2007, the address on Victim 1's account was again changed, without Victim 1's authorization, to 439 West 50th Street, New York, New York, Box No. 403. Approximately $11,350.00 was subsequently transferred out of Victim 1's new bank account by means of an electronic funds transfer to another bank account. Victim 1 told GE Money Bank that the transfer was unauthorized. The money transferred to the other bank account was withdrawn from that account before GE Money Bank discovered the fraud and could retrieve the money.

    c. On or about January 12, 2007, an individual called the GE Money Bank to change the address of the bank account of Victim 2, supplying personal identification information, including the name, address, date of birth, and social security number, of Victim 2. The address on the account was changed to 439 West 50th Street, New York, New York, Box No. 403. GE Money Bank spoke with Victim 2, and confirmed that Victim 2 did not authorize this change of address. Approximately $24,400.00 was subsequently transferred by electronic funds transfer from of Victim 2's account to another bank account. This transfer was not authorized. The money in the other bank account was withdrawn before GE Money Bank discovered the fraud and could retrieve the money.

    d. The business located at 439 West 50th Street is a Laundromat that also rents mail boxes. On or about August 17, 2007, I spoke to one of the owners of the Laundromat (referred to herein as "Witness 1"). Witness 1 told me that there were four males who regularly collected the mail for Box Nos. 403, 402, 306, and 103.

    e. On or about August 21, 2007, OYEWALE OLANIBI, a/k/a "Joseph Abad," the defendant, called the Laundromat by telephone, and later that day visited the Laundromat in person, asking about a package he expected to be delivered to Box No. 402. The package had not arrived at the time OLANIBI visited the Laundromat on August 21, 2007. On or about August 22, 2007, the other owner of the Laundromat ("Witness 2") contacted me and informed me that one of the four males who collected mail for Box Nos. 403, 402, 306, and 103, had called and visited the Laundromat in person the day before, on August 21, 2007, asking about the package for Box No. 402. Witness 2 then told me in our

conversation on August 22, 2007, that the package had arrived on August 22, 2007.

    f. After receiving this communication on August 22, 2007, from Witness 2, law enforcement officer including myself, conducted surveillance at the Laundromat located at 439 West 50th Street. Since no person came to the Laundromat on August 22, 2007 to open Box No. 402 or asking about Box No. 402, we continued the surveillance on August 23, 2007. At approximately 12:15 p.m. on August 23, 2007, OLANIBI entered the Laundromat. He was carrying a computer bag. OLANIBI approached an employee at the Laundromat and asked for the package that was delivered for Box No. 402. OLANIBI stated that he understood the package had been signed for by the manager of the Laundromat. The employee gave OLANIBI the package and other mail addressed to Box No. 402. Carrying the package and other mail, in addition to his computer bag, OLANIBI then went into the bathroom in the Laundromat. When OLANIBI exited the bathroom, he was no longer carrying the package and the mail that the Laundromat employee had given him, but he was still carrying the computer bag.

    g. Shortly thereafter, I stopped OLANIBI and asked him about the mailbox. OLANIBI was handcuffed and taken back to the United States Postal Inspection Service Division Headquarters, where he was formally arrested. After being read his Miranda rights, OLANIBI stated that Box No. 402 was his mailbox, and he had owned the mailbox for the past three years. He stated that he had been receiving other people's mail but did not know why. He stated that the package that he had received from the Laundromat employee on August 23, 2007, which had been addressed to Box No. 402, contained two checks made out to two different people, neither of whom OLANIBI knew. Accordingly, OLANIBI told me, he had thrown the checks away.

    h. I then searched OLANIBI's computer bag incident to his arrest. Inside the bag, I found the two checks that OLANIBI claimed he had thrown away. One check is made out to Victim 3, drawn on Met Life, in the amount of $32,096.05. I have conducted a search for Victim 3's name in law enforcement databases and have not been able to find any person with the name that was on the check. The second check, made out to Victim 4, is drawn on Citibank, in the amount of $10,716.36. I have conducted a search for Victim 4's name in law enforcement databases, and found only a reference to an address held for a brief time in 1993, but I can find no other identifying information for Victim 4.

    i. In addition to the check, I found the

- 4 -

following items, among others, in OLANIBI's computer bag:

    i) personal identification information, including names, addresses, dates of birth, and social security numbers, for at least 17 different individuals;

    ii) five account numbers for bank accounts at Washington Mutual Bank, and an account number for an account at Bank of America;

    iii) a New York identification card and an Ohio driver's license, both in the name of "Oyewale Aderibige Olanibi"; the Ohio driver's license states that OLANIBI's social security number is "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";

    iv) a Social Security card with the social security number "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";

    v) five envelopes with the address 439 West 50th Street, Box No. 402, on them, each with a different name (none of which are OLANIBI's name);

    vi) a Washington Mutual credit card belonging to Victim 5, along with Victim 5's account number and a Post Office Box number handwritten on a piece of paper, and four receipts for the withdrawal of cash in the amount of $500.00 each on August 17, 2007, August 18, 2007, August 19, 2007 and August 22, 2007, from four different Washington Mutual Automatic Teller Machines, two in the Bronx, and two in Brooklyn, each showing the withdrawals from Victim 5's account; and

    j. I also found $700 in cash on OLANIBI's person.

    5. I have confirmed through the Washington Mutual Bank that Victim 5 did not authorize the withdrawals from Victim 5's account on August 17, 18, 19 and 22, 2007. Nor did Victim 5 provide to OYEWALE OLANIBI, a/k/a "Joseph Abad," the defendant, or authorize anyone else to provide to OLANIBI, Victim 5's personal identification information.

WHEREFORE, deponent prays that OYEWALE OLANIBI, a/k/a "Joseph Abad," the defendant, be imprisoned or bailed, as the case may be.

_____
ANDRE ESANNASON
POSTAL INSPECTOR
UNITED STATES POSTAL INSPECTION
SERVICE

Sworn to before me this
24th day of August, 2007

_____
THE HONORABLE JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

THEODORE H. KATZ
UNITED STATES    MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

- 6 -